| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA § 
§
*versus* § CASE NO. 9:10-CR-26
§
LAWRENCE FITZGERALD JOHNSON §

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Lawrence Fitzgerald Johnson's ("Johnson") *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (#59). The Government filed a Response in Opposition to Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) (#61). Having considered the motion, the response, the record, and the applicable law, the court is of the opinion that the motion should be dismissed.

I. Background

On November 3, 2010, a grand jury in the Eastern District of Texas returned a three-count Indictment which charged Johnson in each count with a separate occurrence of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Pursuant to a non-binding plea agreement, Johnson entered a plea of guilty as to Count Two. On July 18, 2011, the court sentenced Johnson to 188 months' imprisonment, to be followed by a three-year term of supervised release. Counts One and Three were dismissed on the Government's motion. Johnson is currently housed at the Federal Medical Center in Fort Worth, Texas, and his projected release date is July 2, 2024.

Johnson now seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A), citing *Terry v. United States*, ___ U.S. ___, 141 S. Ct. 1858 (2021), and referencing "Attorney General Merrick Garland asking his prosecutors to end sentencing disparities in cases involving the

distribution of crack and powder cocaine." He claims that there are extraordinary and compelling reasons for his release. Yet, Johnson admits in his motion that he did not submit a request for compassionate release to the warden of the facility where he is housed. Additionally, Johnson's motion included a check mark next to the word "Yes" in response to the statement: "I do not have an attorney and I request an attorney be appointed to help me."

II.   Analysis

　　A.   Appoint Counsel

Johnson requests the appointment of counsel to assist him in filing a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *see Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 749 (2019); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (finding that "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings"); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir.), *cert. denied*, 571 U.S. 952 (2013). Specifically, the Supreme Court of the United States has stated:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

*Finley*, 481 U.S. at 555 (internal citations omitted).

The court may, however, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court."); *accord United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010).

> The exercise of discretion in this area is guided . . . by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (quoting *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012)); *see Scoggins v. MacEachern*, No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986))).

Johnson is not entitled to the appointment of counsel to assist him with seeking compassionate release under 18 U.S.C. § 3582. *See Finley*, 481 U.S. at 555; *Whitebird*, 55 F.3d at 1010-11 (declining to recognize constitutional or statutory right to assistance of counsel in bringing § 3582(c)(2) motion for sentence reduction); *United States v. Vasquez*, No. CR

3

2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Moreover, Johnson provides no basis for the court to conclude that the appointment of counsel would benefit him or the court in addressing his motion. A motion "for compassionate release is not particularly complex factually or legally." *United States v. Drayton*, No. 10-200018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020); *see United States v. Wilfred*, No. 07-351, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). Accordingly, to the extent that Johnson's motion seeks the appointment of counsel, his motion must be rejected.

    B.    <u>Compassionate Release</u>

On December 21, 2018, former President Trump signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> (A) the court, upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as "compassionate release." *See, e.g.*, *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) ("We often refer to this as 'compassionate release' because courts generally use it for prisoners with severe medical exigencies or infirmities.").

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022); *see United States v. Franco*, 973 F.3d 465, 467 (5th Cir.) ("Prior to the passage of the First Step Act . . . courts lacked the power to adjudicate motions for compassionate release."), *cert. denied*, 141 S. Ct. 920 (2020); *Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP). The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *Jackson*, 27 F.4th at 1089; *United States v. Cantu*, 423 F. Supp. 3d 345, 347 (S.D. Tex. 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that the court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15

5

F.4th 335, 337 (5th Cir. 2021) ("[T]o file a proper motion for compassionate release in the district court, a prisoner must first exhaust the available administrative avenues."); *Franco*, 973 F.3d at 467 (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is *not* jurisdictional but that it *is* mandatory"); *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though [the] exhaustion requirement does not implicate [the court's] subject-matter jurisdiction, it remains a mandatory condition."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he exhaustion requirement . . . presents a glaring roadblock foreclosing compassionate release."). The exhaustion requirement applies whether the motion is styled as one for compassionate release or merely for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

Thus, before seeking relief from the court, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request. 18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338 ("[A]n inmate has two routes by which he may exhaust his administrative remedies. Both begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'" (quoting *Franco*, 973 F.3d at 467)); *United States v. Harris*, 812 F. App'x 106, 107 (3d Cir. 2020); *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (defendant "was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies" (citing *Raia*, 954 F.3d at 595)); *Alam*, 960 F.3d at 833-34; *United States v. Soliz*, No. 2:16-190-3, 2020 WL 2500127, at *3 (S.D. Tex. May 14, 2020) ("§ 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse [defendant's] failure to exhaust his administrative remedies or to waive the18 30-day waiting

period." (quoting *United States v. Reeves*, No. 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020))).

In this instance, Johnson is foreclosed from obtaining relief because he concedes that he has not submitted a request for compassionate release to the warden of the facility where he is housed. *United States v. Dodd*, No. 4:13-CR-182-SDJ, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020) (stating that "[i]n order to exhaust her administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in her motion"). Johnson acknowledges that he has not exhausted his administrative remedies, and the court is without authority to waive the exhaustion of administrative remedies or the 30-day waiting period. *See Franco*, 973 F.3d at 468 ("Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the BOP."); *Alam*, 960 F.3d at 832 ("[B]ecause this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it."); *United States v. Garcia*, No. CR 2:18-1337, 2020 WL 3000528, at *3 (S.D. Tex. June 2, 2020) ("While the Court sympathizes with Defendant's plight, because he has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it."); *United States v. Garcia-Mora*, No. CR 18-00290-01, 2020 WL 2404912, at *2 (W.D. La. May 12, 2020) ("Section 3582(c)(1)(A) does not provide [the court] with the equitable authority to excuse [the defendant's] failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Collins*, No. CR 04-50170-04, 2020 WL 1929844, at *2 (W.D. La. Apr. 20, 2020); *see also Ross v. Blake*, 578 U.S. 632, 639

(2016) ("[J]udge-made exhaustion doctrines . . . remain amenable to judge-made exceptions," whereas "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion."). Accordingly, at this time, the court does not have the authority to grant the relief Johnson requests.

III.  Conclusion

In accordance with the foregoing, Johnson's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (#59) is DISMISSED without prejudice. Additionally, to the extent that Johnson's motion seeks the appointment of counsel, his motion is DENIED.

SIGNED at Beaumont, Texas, this 10th day of March, 2023.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE